O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT DIRAFFAEL, | ) | Case No. CV 10-07240 DDP (VBKx) |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF** |
| v. | ) | |
| CALIFORNIA MILITARY DEPARTMENT, MARY J. KIGHT, SALVADOR P. RENTERIA III, | ) | [Docket No. 31] |
| Defendants. | ) | |

Presently before the court is Plaintiff Robert DiRaffael's Motion for Relief from Order (FRCP 60) ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court denies the Motion and adopts the following Order.

**I.   BACKGROUND**

On February 10, 2010, Plaintiff filed a Petition for Alternative Writ of Administrative Mandamus ("Petition") in California state court. In his Prayer for Relief, Plaintiff asked the court to: 1) command Defendants "to vacate [their] Notification of Separation Proceedings to the [Plaintiff]"; (2) "annul [Defendant Salvador P. Renteria III's] determination of 'illegitimate use of a drug' regarding the [Plaintiff's] positive

urinalysis"; and 3) "compel [Defendant] California Military Department] to abide by the relevant policies and regulations, and determine in a reasonable time whether the [Plaintiff's] positive urinalysis . . . can be medically explained as a result of legitimate use of a drug." (Pet. at 15.)

Defendant Mary J. Kight removed the action to this court on September 28, 2010. Kight then filed a Motion to Dismiss the Petition for, among other things, lack of jurisdiction due to Plaintiff's failure to exhaust administrative remedies. Defendants California Military Department and Salvador P. Renteria III filed a Motion for Joinder in Kight's Motion to Dismiss.

On March 21, 2011, this court issued an Order Granting Motion for Joinder in Motion to Dismiss and Granting Motion to Dismiss. In its Order, the court expressed sympathy with Plaintiff's frustrations, but agreed with Defendants that Plaintiff had not yet exhausted his administrative remedies because "discharge proceedings [were] still underway." (Order at 5.) The court therefore found that it lacked jurisdiction and dismissed Plaintiff's Petition. Accordingly, this case has been closed since March 21, 2011.

**II. DISCUSSION**

Plaintiff filed the present Motion for Relief on March 21, 2012, exactly one year after the court's Order dismissing the case. In his Motion, Plaintiff seeks relief from the court's Order pursuant to Federal Rules of Civil Procedure 60(b)(3) and (4), arguing that the Order is void and the result of fraud, misrepresentation, or misconduct by an opposing party. The court disagrees.

2

    Contrary to Plaintiff's arguments, the prior Order is not void for lack of <u>federal</u> subject matter jurisdiction.  As Defendants explain in their Opposition, the court had federal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).  At the time, Kight was a member of both the California National Guard and National Guard of the United States.  Kight was therefore "an[] officer . . . of the United States or . . . an[] agency thereof."  <u>Id.</u>  Nor has Plaintiff shown any fraud, misrepresentation, or misconduct by Defendants.  As the court explained in its prior Order, although the court had <u>federal</u> jurisdiction over this action, Plaintiff's failure to exhaust his administrative remedies precluded the court from exercising this jurisdiction to review Plaintiff's claims.

    The court notes without deciding, however, that Plaintiff may be able to file a new action against Defendants.  According to Plaintiff, he has now exhausted his administrative remedies as to the disputed urinalysis.  Although the administrative discharge board ruled in Plaintiff's favor, Plaintiff contends that he is still suffering adverse consequences, including suspended security clearance, as a result of the urinalysis.  Plaintiff further alleges that he is now facing new separation proceedings, due to a second disputed urinalysis involving the same issue.  Plaintiff appeared to express concern, however, that relevant statutes of limitations might bar any new claims arising from these incidents.  Without deciding any of these issues, the court notes that statutes of limitations often restart following new, or newly discovered, incidents.  Plaintiff may also be entitled to equitable tolling, depending on the relevant details.

1  The only question before this court, however, is whether
2 Plaintiff is entitled to relief from the March 21, 2011 Order
3 dismissing this case.  For all of the reasons discussed, such
4 relief is not appropriate under Federal Rules of Civil Procedure
5 60(b)(3) or (4), and the court therefore DENIES Plaintiff's Motion.

8 IT IS SO ORDERED.

11 Dated:  June 25, 2012

                                        DEAN D. PREGERSON
                                      United States District Judge